ABRAMSON & DENENBERG, P.C.
BY: ALAN E. DENENBERG, ESQUIRE          ATTORNEY FOR PLAINTIFF
IDENTIFICATION NUMBER: 54161
1315 WALNUT STREET, 12TH FLOOR
PHILADELPHIA, PA  19107
(215) 546 - 1345

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HAIGH : | |
| 347 WINTON STREET : | CIVIL ACTION |
| PHILADELPHIA, PA  19148 : | |
| : | NO. : |
| V. : | |
| : | |
| CITY OF PHILADELPHIA : | |
| LAW DEPARTMENT : | |
| 1515 ARCH STREET 14TH FLOOR : | |
| PHILADELPHIA, PA 19102 : | |
|      AND : | |
| POLICE OFFICER JOHN DOE : | |
| LAW DEPARTMENT : | |
| 1515 ARCH STREET 14TH FLOOR : | JURY TRIAL DEMANDED |
| PHILADELPHIA, PA 19102 : | |

## COMPLAINT – CIVIL ACTION

1.	Plaintiff, John Haigh, is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

2.	Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

5.	Defendant, Police Officer John Doe, was at all material times a police officer with the City of Philadelphia Police Department. Police Officer John Doe is being sued both

individually and in his official capacity as officer, agent and/or employee of defendant, City of Philadelphia.

6. At all material times, defendant, Police Officer John Doe acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

9. At all material times, defendant, City of Philadelphia, was charged with the responsibility of testing, hiring, training, disciplining and supervising members of the City of Philadelphia Police Department including in particular the defendant, Police Officer John Doe.

10. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §1331 and §1343 and jurisdiction over the State Law Claims, pursuant to the principals of pendant and ancillary jurisdiction.

11. Venue is proper under 28 U.S.C. §1391(b) because the cause of action upon which the complaint is based arose in Philadelphia, Pennsylvania, which is in the Eastern District of Pennsylvania.

12. On July 29, 2006, Plaintiff, John Haigh, was walking from his home, down 4th Street toward Cantrell Street in Philadelphia, Pennsylvania, when he noticed narcotics officers raiding a house on Cantrell Street.

13. Plaintiff, John Haigh, briefly stopped when he saw the narcotics officers but proceeded to walk home, back towards his house, when police officers told him to leave.

14. At the aforementioned time and place, Defendant, Police Officer John Doe, dressed in plain-clothes followed plaintiff, John Haigh, down the street as he was walking

away from the narcotics officers, grabbed him by the shoulder, and Police Officer John Doe slammed his elbow into plaintiff's jaw without cause or provocation.

15. At the aforementioned time and place, defendant, Police Officer John Doe, repeatedly rammed plaintiff, John Haigh, up against a metal railing while verbally abusing and threatening plaintiff.

16. After Police Officer John Doe told the Plaintiff, John Haigh, he could go home, Police Officer John Doe continued to follow him and kicked him in the buttocks and verbally threatened plaintiff with physical force.

17. Defendant, Police Officer John Doe, chased plaintiff, John Haigh, back to his house and when plaintiff got back to his house, he called 911.

18. As a direct and proximate result of the aforementioned acts and conduct of the defendant, Police Officer John Doe, the plaintiff, John Haigh, sustained injuries including, myofascitis, lumbar sprain and strain, headaches, neck pain, and neuropathy of the unmyelinated sensory terminal nerve endings of the branches of the cervical sympathetic ganglion in the insertions of the multifidus interspinalis cervicis, semi-spinalis cervicis and rotatores muscles at the C4 spinous process; neuropathy of the unmyelinated sensory terminal nerve endings of the lower thoracic nerves, long thoracic nerves, and the intercostals nerves of the thoracic right and the bilateral sympathetic terminal nerve endings of the branches of the thoracic sympathetic ganglion in the external oblique muscle, serratus anterior muscle and the external intercostals muscles insertions at the 1st rib; neuropathy of the unmyelinated sensory terminal nerve endings of the branches of the C6 nerve root on the right, and the bilateral sympathetic terminal nerve endings of the branches of the cervical sympathetic ganglion in the insertions of the spinalis cervicis, interspinalis cervicis, semi-

spinalis thoracis and splenius cervicis muscles at the C6 spinous process; and neuropathy of the unmyelinated sensory terminal nerve endings of the branches of the C2 nerve root on the right, C2 transverse process, and the bilateral sympathetic nerve endings of the branches of the cervical sympathetic ganglion in the insertions of the levator scapula, inter traverse posteriors cervicis, rotaries cervicis and splenius cervicis muscles all of which required treatment, numerous surgeries, and therapy.

19. As a direct and proximate result of the aforementioned actions of the defendant, Police Officer John Doe, plaintiff, John Haigh, has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical treatment for an indefinite period of time in the future, to his great detriment and loss.

20. As a direct and proximate result of the aforementioned actions of the defendant, Police Officer John Doe, plaintiff, John Haigh, has and will hereinafter incur other financial expenses and losses.

### COUNT I- 42 U.S.C. §1983
### EXCESSIVE FORCE -FOURTH AMENDMENT
### JOHN HAIGH V. POLICE OFFICER JOHN DOE

21. Paragraphs 1 through 20 are incorporated herein by reference, as though each were fully set forth herein at length.

22. As aforesaid, defendant, Police Officer John Doe, acting within the course and scope of his employment, under the color of state law, and pursuant to the customs, policies and/or practices of the City of Philadelphia's Police Department; deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the United States; in particular, the right to be free from excessive or unreasonable force; all of which actions violated the

plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania.

23. As aforesaid, defendants, Police Officer John Doe, acting within the scope of his employment, under the color of state law, and pursuant to the customs, policies and/or practices of the defendant, City of Philadelphia's Police Department, intentionally and maliciously assaulted and battered, plaintiff, John Haigh, and placed him in fear of imminent bodily harm without just cause or provocation by the above described actions, which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

24. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendant, Police Officer John Doe, the plaintiff, John Haigh, suffered injuries that are described above.

25. The above-described actions of the defendant, Police Officer John Doe, in their individual capacity, were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, John Haigh, demands compensatory and punitive damages against defendant, Police Officer John Doe, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT II – 42 U.S.C. §1983
### MONELL CLAIM
### JOHN HAIGH V. CITY OF PHILADELPHIA

26. Paragraphs 1 through 25 are incorporated herein by reference, as though each were fully set forth herein at length.

27. The plaintiff, John Haigh, believes and therefore avers that defendant, City of Philadelphia, has adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of condoning and/or acquiescing the use of excessive force by its undercover/plainclothes narcotic officers, which policy, practice or cusotm violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania.

28. The plaintiff believes and therefore avers that the defendant, City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom, and/or practice of systematically failing to properly train, supervise and/or discipline undercover/plainclothes narcotics police officers, including the individual defendant in this case, regarding constitutional restraints on the use of force, which policy, practice or custom violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania.

29. The defendant, City of Philadelphia, has been deliberately indifferent to the rights of citizens of the City of Philadelphia to be free from excessive force and their deliberate indifference violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

30. The plaintiff believes and therefore avers, that at the time of his arrest and the subsequent use of force, defendant, City of Philadelphia, knew or should have known of the above described policy, custom and/or practice of the City of Philadelphia Police Department, and that defendant deliberately, knowingly and/or intentionally failed to take measures to stop or limit the policy, custom and/or practice including but not limited to, inter alia:

a. Failure to restrain the use of excessive force on citizens by the undercover/plainclothes narcotics officers of City of Philadelphia's Police Department;

b. Failure to properly train, test and/or select its undercover/plainclothes narcotics officers in the proper use of force:

c. Failure to have clear, concise and appropriate directives;

d. Failure to properly supervise and/or control its undercover/plainclothes narcotics officers;

e. Failure to restrain the use of excessive force, and to have clear concise and appropriate directives regarding same;

f. Failure to have proper counseling, use of force re-training, sensitivity training, psychiatric evaluations and/or supervisory briefing/discussion with members of the City of Philadelphia's Police Department with prior and ongoing complaints of excessive force;

g. Failure to conduct systematic and complete Internal Affairs Investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of the City of Philadelphia's Police Department;

h. Failure to prevent plaintiff from being injured by its officers where defendant knew or had reason to know of the dangerous propensities of said officers;

i. Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

31. The foregoing acts, omissions and systematic deficiencies are policies, practices and/or customs of defendant, City of Philadelphia, and violated the plaintiff's rights under the Fourth Amendment or caused the plaintiff's rights to be violated.

**WHEREFORE**, plaintiff, John Haigh, demands compensatory damages against defendant, City of Philadelphia, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

RESPECTFULLY SUBMITTED,


BY;_____
     ALAN DENENBERG, ESQUIRE